Filed 3/30/22  P. v. Washington CA1/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JONATHAN ARI WASHINGTON,<br><br>    Defendant and Appellant. | A163045<br><br>(Mendocino County<br>Super. Ct. No. SCUK-CRCR-19-32753-001) |

Following a bench trial, the court found defendant guilty of escape while on work program and found the enhancement allegations true.  The court imposed a total sentence of four years.  As required under *People v. Kelly* (2006) 40 Cal.4th 106, 124, we note counsel for defendant has filed a *Wende*[1] brief raising no arguable issues, counsel apprised defendant of his right to file a supplemental brief, and defendant did not file such a brief.  Upon review of the record for potential error, we find no arguable issues warranting reversal and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Lieutenant Roy Ulatan, a peace officer and camp commander at Chamberlain Creek Conservation Camp, which houses state prisoners, testified that in 2019, defendant was a prisoner housed at the camp.

---

[1] *People v. Wende* (1979) 25 Cal.3d 436.

According to Ulatan, during a "count of the inmate population," on September 13, 2019, it was discovered defendant was missing. Though defendant was present at the "morning count," Officer Brewer informed Ulatan that defendant was missing at the "lunch count." Defendant was subsequently rearrested by special agents from Ulatan's department in an apartment complex in Vallejo. He was not authorized to be in Vallejo.

The lieutenant noted that when defendant arrived at the camp, he was informed of the camp boundaries and that if defendant went beyond the boundaries, he would be charged with escape. Ulatan, did not, however, personally conduct the orientation at which the boundaries of the camp were explained to defendant, did not know who did the orientation, and was never told defendant received the orientation. Nonetheless, orientation is standard procedure, and every inmate has an orientation.

Ulatan explained the camp could hold up to 100 inmates, but when defendant went missing, the number of inmates would not have been over 80. The lieutenant did not know how long defendant had been at the camp before September 13, however, he recognized him from daily interactions, when he walked the camp, and from morning counts during breakfast, and the "count board."[2]

An amended information filed on December 9, 2020, charged defendant with one count of escape while on work program. (Pen. Code,[3] § 4530, subd. (b).) The information further alleged that defendant had suffered a prior strike conviction (§§ 667, 1170.12), was released from custody on his

[2] The "count board," located on a wall inside the office, contains a photo of every inmate assigned to the camp.

[3] All statutory references are to the Penal Code.

own recognizance at the time he committed the offense of escape (§ 12022.1), and was ineligible for probation (§ 1203, subd. (e)(4)).

On March 19, 2021, defendant waived his right to a jury trial, consented to a court trial, and agreed to submit the matter on the preliminary hearing transcript.[4]

Following a bench trial, the court found defendant guilty of escape while on work program, and found the enhancement allegations true. Defense counsel, however, failed to appear for the date set for sentencing, and the court issued an order to show cause for contempt. When counsel failed to appear at the hearing on the order to show cause, the court issued an amended order to show cause and set a new date for the hearing. Counsel appeared at the next hearing date and apologized to the court, explaining that he had a death in the family. The court then granted defendant's motion to relieve counsel and appointed the public defender.

That same day the court sentenced defendant to four years, the middle term of two years, doubled for the strike, and stayed the two-year out on his own recognizance enhancement.

## DISCUSSION

We have examined the record to determine if any arguable issue is present. We have found none.

Defendant was ably represented by counsel. Defendant knowingly and voluntarily waived his right to a jury trial. Substantial evidence supports

---

[4] Judge Moorman, exercising great patience, explained to defendant the rights defendant would be giving up, including the right to have 12 people from the community unanimously reach a verdict, the right to confront and cross-examine witnesses, and the right to object to the admissibility of evidence in that transcript.

3

defendant's conviction.  We find no meritorious sentencing issues requiring reversal of the judgment.

We therefore agree with defendant's counsel that no issues are present that could undermine defendant's conviction.

Accordingly, the judgment is affirmed.

MARGULIES, J.

WE CONCUR:

HUMES, P. J.

EAST, J.*

A163045
*People v. Washington*

---

* Judge of the San Francisco Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.